IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PHILIP WARREN TUCKER, SR.,    )
                              )
      Petitioner,            )
                              )
v.                            )    Case No. CIV-18-253-D
                              )
GREG BRESLIN, Warden,[1]      )
                              )
      Respondent.            )

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 23] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied, and that Petitioner's Motion for Appointment of Counsel [Doc. No. 14] also be denied. Petitioner has filed a timely Objection [Doc. No. 24]. Thus, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks habeas corpus relief from a 2013 conviction of first-degree manslaughter and a 10-year prison sentence. After Petitioner was granted an appeal out of time, the Oklahoma Court of Criminal Appeals ("OCCA")

---

[1] The Court takes judicial notice of the replacement of Respondent Jerry Chrisman as warden of the Jackie Brannon Correctional Center in McAlester, Oklahoma, where Petitioner is confined, by current-warden Greg Breslin, and makes the automatic substitution of parties authorized by Fed. R. Civ. P. 25(d).

affirmed Petitioner's conviction on direct appeal in 2016. Petitioner then sought post-conviction relief, which was denied, and OCCA affirmed the denial in June 2017. Petitioner timely filed the instant federal Petition in March 2018.

In his Report, Judge Erwin conducts a careful examination of Petitioner's claims and supporting arguments in light of Respondent's answer, the relevant state court record, and governing legal standards. Bypassing issues of procedural default, Judge Erwin thoroughly explains in a 39-page report why Petitioner's claims – "actual innocence;" prosecutorial misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959); and ineffective assistance of trial and appellate counsel – lack merit. Judge Erwin concludes that the existing record shows Petitioner is not entitled to federal habeas relief, and that Petitioner should not receive appointed counsel because no evidentiary hearing is needed.

Liberally construing Petitioner's *pro se* arguments presented in his Objection, he asserts: the presumption of correctness given to state court fact-findings under 28 U.S.C. § 2254(e)(1), and *Davis v. Ayala*, 135 S. Ct. 2187 (2015), is unconstitutional as applied to an indigent prisoner like himself, who lacks access to the records and evidence that could overcome the presumption and establish his claims (*see* Petr's Obj. at 1-2);[2] appointment of counsel is required because Petitioner cannot conduct discovery and gather the evidence

---

[2] This argument is not tethered to any particular part of the R&R. The Court notes that Judge Erwin invokes the presumption of correctness only once, when discussing an instance of alleged ineffectiveness of trial counsel. *See* R&R at 26 (failing to object to the admission of portions of Petitioner's recorded interview). Petitioner does not identify any missing records or evidence relevant to this issue.

needed to prove his claims without one (*id*. at 3-4); he is entitled to an evidentiary hearing to show the prosecutor violated *Brady* by withholding material evidence and *Napue* by failing to correct perjured testimony (*id*. at 4-6); an evidentiary hearing is needed to establish he received ineffective assistance of counsel (*id*. at 6-7); and the state has denied him access to "the records and evidence needed to substantiate [his] claims," in violation of the Constitution (*id*. at 7-8). Further review of all other issues addressed by Judge Erwin is waived. *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon *de novo* consideration, the Court fully concurs in Judge Erwin's analysis of the claims and issues presented by the Petition. Petitioner seeks appointment of counsel and an evidentiary hearing as a means to conduct unspecified discovery that might support his claims and to "comb through all the evidence that was allegedly in counsel's possession to prove to this Court that counsel was ineffective." *See* Obj. at 6. These arguments overlook the federal habeas requirements for obtaining an evidentiary hearing and appointed counsel. *See* 28 U.S.C. § 2254(e)(2); *see also Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994) ("appointment of counsel in a § 2254 proceeding is left to the court's discretion" unless an evidentiary hearing is required). The Court finds that the standards for relief on these procedural issues are not met.

Regarding the merits of Petitioner's claims, applying the applicable legal standards in light of the case record and controlling case law, the Court finds that Judge Erwin is correct in his conclusion that Petitioner has not shown a basis for federal habeas relief. In his Objection, Petitioner merely re-asserts arguments fully addressed by Judge Erwin.

The Court cannot add meaningfully to Judge Erwin's discussion and, therefore, adopts the Report and Recommendation in its entirety, as though fully set forth herein.[3]

Finally, as to the additional issues raised by Petitioner in his Objection regarding the alleged unconstitutionality of federal habeas corpus standards and a claim that state officials and courts denied him records and evidence in violation of the Constitution, the Court generally does not consider new matter raised for the first time in an objection to a magistrate judge's report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184-85 (10th Cir. 2011); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). In this case, the Petition includes no challenge to the constitutionality of § 2254(e) nor any claim that the state unconstitutionally failed to provide Petitioner with court records, as alleged in his Objection. Petitioner did argue in a reply brief that "[b]ecause the State withholds records and refuses to appoint attorneys to aid [an] inmate, it is unconstitutional to bar a claim on the bases that the inmate has not cited authorities or records." *See* Petr's

---

[3] Liberally construing the Objection, Petitioner arguably makes two assertions that are not addressed in the R&R. He contends Judge Erwin erred in concluding that evidence showing the dangerous character of the deceased (a criminal record) would have been inadmissible at trial. *See* Obj. at 2, 4. Petitioner's reliance on *Murphy v. State*, 112 P.2d 438 (Okla. Crim. App. 1941), to establish the admissibility of this evidence is misplaced. *Murphy* speaks to "evidence of specific acts of violence on the part of the deceased" (*id*. at 443), not character evidence.

Also, Petitioner arguably contends Judge Erwin overlooked an exhibit to his brief consisting of "trial notes" that identify photos allegedly "withheld from the trial and record." *See* Obj. at 2; *see also* R&R at 11, n.8 (stating Petitioner refers to photos in his *Brady* argument without explaining what photos were suppressed). Petitioner admits, however, that the photos identified in his trial notes were on the prosecutor's table at trial and "on the disk given to [his] attorney." *Id*. at 6. Thus, this evidence clearly was not withheld from the defense.

Reply Br. [Doc. No. 22] at 3. The Court finds this conclusory argument to be insufficient to present a separate constitutional claim. Therefore, Judge Erwin did not err by failing to consider such a claim, and the Court declines to consider it as well.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 23] is ADOPTED. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] and the Motion for Appointment of Counsel [Doc. No. 14] are DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 28th day of January 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE